```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
VICTOR BAJANA,                                              :
                                                            :
                  Plaintiff,                                :    REPORT AND
                                                            :    RECOMMENDATION
          -v.-                                              :
                                                            :    09 Civ. 5202 (SHS) (GWG)
NEW YORK CITY DEPARTMENT OF                                 :
CORRECTIONS,                                                :
                  Defendant.                                :
-----------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE.**

The amended complaint in this matter was filed pro se by the incarcerated plaintiff on August 12, 2009, naming "NYC Dept of Corrections 'Inmate Account'" and two individuals: "Ms. Adams in charge of RICC, 'Inmate Account,'" and "Ms Ciscerro Manager of RICC, "Inmate Account.'" See Amended Complaint, filed Aug. 12, 2009 (Docket # 6). The action is brought pursuant to 42 U.S.C. § 1983 and alleges that while plaintiff was in custody on Rikers Island in September 2008, plaintiff filled out multiple forms to send money to his children but that the money was never taken from his account. Id. at 3. Plaintiff believes that this was done "maliciously due to the fact that Inmates Account, d[e]spised my constant complaints." Id. Various prison officials attempted to help plaintiff without success. Id. The named defendants are being sued because they "never took[] action in this matter." Id. Plaintiff is no longer at Rikers Island but is now in the custody of New York State. Id. at 1. Service has not yet been accomplished on any defendant.

The case should be dismissed because the complaint fails to state a claim upon which relief can be granted To maintain a cause of action under section 1983, a plaintiff must establish "(1) that the conduct complained of was committed by a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Dwyer v. Regan, 777 F.2d 825, 828 (2d Cir. 1985) (citations omitted), modified on other grounds, 793 F.2d 457 (2d Cir. 1986); accord Hayut v. State Univ. of N.Y., 352 F.3d 733, 743-44 (2d Cir. 2003); Greenwich Citizens Comm., Inc. v. Counties of Warren & Washington Indus. Dev. Agency, 77 F.3d 26, 29-30 (2d Cir. 1996). Section 1983 does not, in and of itself, create any substantive rights; rather, the plaintiff must demonstrate a violation of an independent federal constitutional or statutory right. See, e.g., Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617-18 (1979).

Plaintiff identifies no federal right that has been violated. Plaintiff's papers might be construed as asserting that the failure to send out the funds somehow deprived him of a property

interest. But "the Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful postdeprivation remedy." Hellenic Am. Neighborhood Action Comm. v. City of N.Y., 101 F.3d 877, 880 (2d Cir. 1996) (citations omitted), cert. dismissed, 521 U.S. 1140 (1997). In New York, a proceeding under Article 78 of New York's Civil Practice Law and Rules has been held to be an adequate post-deprivation remedy for the taking of property by governmental actors. See id. at 881.

Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. 1915A(b)(1) for failure to state a claim.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Sidney H. Stein, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Stein. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: April 29, 2010
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copy to:

Victor Bajana
09-A-1692
Bare Hill Correctional Facility
Caller Box 20
181 Brand Road
Malone, NY 12953